UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOHN A. BOATNER, III            CIVIL ACTION NO. 07-2199

VERSUS

CITY OF BUNKIE, et al            U.S. MAGISTRATE JUDGE JAMES D. KIRK

MEMORANDUM RULING

Before the court is a motion for partial summary judgment filed by defendants, The Town of Mansura and Ptn. Blaise Desselles (doc. #23).

Plaintiff, Boatner, claims that on May 11, 2007 he approached his vehicle after having gone to the Cochon de Lait Festival when he was told by patrolman Desselles to leave. When Boatner attempted to call his attorney-father, Desselles is alleged to have slapped plaintiff's cell phone out of his hand and "slammed [him] to the ground". Boatner was then handcuffed and arrested, booked and taken to jail. After trial, he was acquitted.

Plaintiff asserts that the defendants violated his First Amendment rights to free expression and to freedom of association, his Fourth Amendment right to be secure against unreasonable seizures, and violated the Louisiana Constitution. He also sues for malicious prosecution and false arrest under Louisiana law.

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the

motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict *412 in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

2

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

Analysis

First Amendment Claim of free speech[1]

The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances; government is prohibited from infringing upon these guarantees either by a general prohibition against certain forms of advocacy or by imposing sanctions for expression of particular views it opposes. Smith v.

---

[1] The First Amendment's protection of freedom of speech applies to the states through its incorporation into the due process clause of the Fourteenth Amendment.

Arkansas, 99 S. Ct. 1826 (1979).

Defendants argue that plaintiff's speech was not protected speech in that it was not "expressive" speech, citing Cabrol v. Town of Youngsville, 106 F.3d 101, 109 (5th C. 1997). Defendants suggest that an examination of plaintiff's activities "in conjunction with their factual context" leads to the conclusion that Boatner was not engaged in protected communication.

However, it is impossible to determine, from the information before the court, whether the speech was protected. The court cannot tell if the officer's having slapped the cell phone out of plaintiff's hand was an attempt to stifle protected speech, simply an assault which happened to involve a cell phone, or an attempt to interfere with plaintiff's freedom, i.e. part of an arrest (legal or illegal). In other words, the court can't tell if the actions of the officer were content neutral. See Van Bergen v. State of Minn., 59 F.3d 1541 (8th C. 1995).

Therefore, genuine issues of material fact remain and summary judgment on the freedom of speech claim should be denied.

First Amendment Freedom of Association Claims

Defendant also argues that plaintiff's conduct does not fall within the definition of the right to freedom of association.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. I. Although freedom of expressive association is not explicitly set out in the Amendment, it has long been held to be implicit in the freedoms of speech, assembly, and petition. Healy v. James, 408 U.S. 169, 181, 92 S.Ct. 2338 (1972).

The First Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits a state, as sovereign, from abridging an individual's right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends, Boys Scouts of America v. Dale, 530 U.S. 640, 647, 120 S.Ct. 2446 (2000), and from denying an individual citizen rights and privileges solely because of his association with an unpopular organization. Guilt by association alone, without establishing that an individual's association poses the threat feared by the Government, is an impermissible basis upon which to deny First Amendment rights. Healy, 408 U.S. at 186.

There are two different sorts of "freedom of association" protected by the United States Constitution: (1) choices to enter into and maintain certain intimate human relationships are secured against undue intrusion by the state and receive protection as a fundamental element of personal liberty, and (2) a right to associate for the purpose of engaging in those activities protected by the First Amendment - speech, assembly, petition for the redress of grievances, and the exercise of religion. City of Dallas v. Stanglin, 490 U.S. 19, 23, 109 S.Ct. 1591, 1594 (1989), citing Roberts v. United States Jaycees, 468 U.S. 609, 103 S.Ct. 3244 (1984). The right of private association protects the choice of individuals and organizations to enter into and maintain certain intimate human relationships against undue intrusion by the States. Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483 (5th Cir.), cert. den., 515 U.S. 1145, 115 S.Ct. 2583 (1995). The personal associations that are entitled to constitutional protection are those that are distinguished by such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship; these types of relationships, such as family relationships, are distinctively personal aspects of one's life.

Conversely, an association lacking these qualities, such as a large business enterprise, is remote from the concerns giving rise to this constitutional protection. Roberts, 468 U.S. at 619, 104 S.Ct. at 3250-3251.

In City of Dallas v. Stanglin, 109 S. Ct. 1591 (1989) the Supreme Court held that dance hall patrons are not engaged in the sort of "intimate human relationships" referred to in Roberts, and do not engage in a form of expressive activity protected the First Amendment. The Supreme Court explained that the dance hall patrons were not members of any organized association, but instead were simply patrons of the same business establishment, most were strangers to one another, and anyone willing to pay the admission fee was admitted. Although "freedom of speech" means more than simply the right to talk and to write, it is possible to find some kernel of expression in almost every activity a person undertakes, but such a kernel is not sufficient to bring the activity within the protection of the First Amendment. Therefore, the court held that the activity of dance-hall patrons coming together to engage in recreational dancing is not protected by the First Amendment since that activity does not qualify as either a form of "intimate expression" or a form of "expressive association." The Constitution does not recognize a general right of "social association" that includes chance encounters in dance halls. Stanglin, supra. See also, Wallace v. Texas Tech Univ., 80 F.3d 1042 (5th Cir. 1996); Benigni v. City of Hemet, 879 F.2d 473 (9th Cir. 1988); Jammin Entertainment Complex v. City of New York, 2007 WL 2292998 (E.D.N.Y. 2007). In Freeman v. City of Santa Ana, 68 F.3d 1180, 1188 (9th Cir. 1995), the court held that a public bar owner's relationships with his/her patrons and employees are not the sort of relationships protected by the First Amendment.

While defendants are correct is suggesting that there is no generalized "right of social association", it is impossible to determine the nature of plaintiff's association at the time of the

6

alleged assault from the record before the court. Once again, genuine issues remain and summary judgment should be denied.

Damage claims

Next, defendants argue that plaintiff's claims for medical and other special expenses have no factual support..

In his complaint, plaintiff asserts entitlement to damages for "pain, suffering, humiliation, inconvenience and medical expenses incurred." Because plaintiff has admitted in brief that he incurred no medical expenses in connection with the incident, summary judgment is appropriate on that point.

Defendant then suggests that, because plaintiff suffered no injury, he is not entitled to damages for "pain and suffering".

However, if successful in his claim, petitioner is entitled to general damages. Summary judgment should not be granted based on a semantical parsing of the petition.

Attorney Fees

Finally, defendants suggest that plaintiff is not entitled to recovery of the attorney fees required to defend him against the charges made by patrolman Desselles. The record reflects that the attorney fees may have been paid by plaintiff's father . However, the fact that the fees may have been paid by a good samaritan does not change the fact that they were incurred by the plaintiff. Indeed, the record does not reflect whether the payment might have been a loan or, even if not a loan, whether plaintiff's father might have expected to be repaid from any recovery in this suit. While impossible to determine from the record now before the court, the situation presented here may be no different from that presented every time an attorney advances expenses to a client. Again, genuine issues

remain and summary judgment should be denied.

## Conclusion

For the foregoing reasons, the motion for summary judgment should be GRANTED as to plaintiff's claim for recovery of medical expenses only. In all other respects, the motion for summary judgment should be denied.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of April, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE